## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO: 1:24-CV-22780-CMA

YECID FERNANDO ROJAS SUAREZ,

      Plaintiff,

v.

MARBRIDGE RESTORATION, LLC, JOSEPH
PAUL WILLIAMS, and JASON SCHMIEDEL,

      Defendants.

_____/

### PLAINTIFF'S *EX-PARTE* MOTION FOR WRIT OF GARNISHMENT

COMES NOW, the Plaintiff, YECID FERNANDO ROJAS SUAREZ, ("Plaintiff"),

moves the Clerk of the Court for issuance of a Writ of Garnishment after Judgment against,

JPMorgan Chase & Co., and states as follows:

1.     On March 06, 2025, this Court entered a Final Judgment against Defendant, MARBRIDGE

RESTORATION, LLC, and JOSEPH PAUL WILLIAMS, jointly and severally, in the amount of

$8,891.06, which amount includes prejudgment interest.  *A true and correct copy of said Order is*

*attached as **Exhibit "A"**.*

2.     On May 20, 2025, this Court entered an Order Granting Plaintiff's Renewed Verified

Motion for Attorney's Fees and Costs for against Defendant, MARBRIDGE RESTORATION,

LLC, and JOSEPH PAUL WILLIAMS, jointly and severally, in the amount of $9,498.00, which

amount includes prejudgment interest.  *A true and correct copy of said Order is attached as*

***Exhibit "B"**.*

3.      The Judgment is ripe to be executed on and, to date, no payments have been made to satisfy all or any portion of this judgment. The Judgment remains unsatisfied in the mount of $18,389.06

4.      The Plaintiff does not believe Defendant, MARBRIDGE RESTORATION, LLC, and JOSEPH PAUL WILLIAMS, currently has property in its possession, upon which a levy can be made, sufficient to satisfy the Final Judgment herein.

5.      The Plaintiff suggests that, JPMorgan Chase & Co., is indebted to or has tangle or intangible personal property of the Defendant, in its possession, custody, or control, and moves the Clerk to issue a Writ of Garnishment commanding the Garnishee named above to answer according to law. A copy of the requested Writ of Garnishment is attached as ***Exhibit "C".***

6.      A Notice to Defendant of Claim of Exemption and Request for Hearing is attached hereto as ***Exhibit "D".***

WHEREFORE, the Plaintiff, YECID FERNANDO ROJAS SUAREZ, moves the Court for the issuance of a Writ of Garnishment after Judgment in the form set out in Exhibit C against Garnishee JPMorgan Chase & Co., together with such other and further relief as is just and proper.

WE HEREBY certify that a copy of this Ex Parte Motion for Writ of Garnishment will be served by first class mail, along with a copy of all Court Orders and any issued writs of garnishment, as required by Florida Statute § 77.041, within 5 days of the issuance of these writs, or 3 business days after the writs are served on the garnishee, whichever is later, on all parties listed in the service list.

## <u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing was served  upon all of the parties listed on the Court's e-filing Portal on this 3rd day July, 2025.

WHITE & TWOMBLY, P.A.

2

WHITE & TWOMBLY, P.A.
9999 NE 2ND AVE, Ste 306, Miami Shores, FL 33138 T. 786-502-2038 F. 786-375-5549

*Attorneys for Plaintiff*
9999 Northeast 2ⁿᵈ Avenue, Suite 306
Miami Shores, Florida 33138
Telephone: (786) 502-2038
Robert@whitetwombly.com
Paralegalryt@whitetwombly.com

By:*/s/ Robert Twombly*
       Robert Twombly, Esquire
       FBN: 0060127

# EXHIBIT "A"

WHITE & TWOMBLY, P.A.
9999 NE 2ND AVE, Ste 306, Miami Shores, FL 33138 T. 786-502-2038 F. 786-375-5549

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO. 24-22780-CIV-ALTONAGA/Reid

**YECID FERNANDO ROJAS SUAREZ**,

    Plaintiff,

v.

**MARBRIDGE RESTORATION, LLC**; *et al.*,

    Defendants.

_____/

### FINAL JUDGMENT

**THIS CAUSE** came before the Court upon Plaintiff, Yecid Fernando Rojas Suarez's Renewed Motion for Default Final Judgment [ECF No. 99], filed on January 15, 2025. For the reasons set forth in the Court's Order [ECF No. 107] granting the Motion in part, it is

**ORDERED AND ADJUDGED** that judgment is entered in favor of Plaintiff, Yecid Fernando Rojas Suarez and against Defendants, Marbridge Restoration, LLC and Joseph Paul Williams on Count I of Plaintiff's Amended Complaint [ECF No. 26]. Additionally, judgment is entered in favor of Plaintiff and against Defendant, Marbridge Restoration, LLC as to Count II of the Amended Complaint. Plaintiff shall recover from Defendants, Marbridge Restoration, LLC and Joseph Paul Williams, **$8,891.06** in damages, for which sum let execution issue. This judgment shall bear interest at the rate prescribed by 28 U.S.C. section 1961 and be enforceable pursuant to Federal Rule of Civil Procedure 69(a).

**DONE AND ORDERED** in Miami, Florida, this 6th day of March, 2025.

_____
**CECILIA M. ALTONAGA**
**CHIEF UNITED STATES DISTRICT JUDGE**

# EXHIBIT "B"

WHITE & TWOMBLY, P.A.
9999 NE 2ND AVE, Ste 306, Miami Shores, FL 33138 T. 786-502-2038 F. 786-375-5549

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 24-22780-CIV-ALTONAGA/Reid

YECID FERNANDO ROJAS SUAREZ,

Plaintiff,

v.

MARBRIDGE RESTORATION, LLC; *et al.*,

Defendants.
_____/

ORDER

THIS CAUSE came before the Court on Plaintiff, Yecid Fernando Rojas Suarez's Renewed Verified Motion for Attorney['s] Fees and Costs . . . [ECF No. 111], filed on April 22, 2025. Defendants, Marbridge Restoration, LLC ("Marbridge") and Joseph Paul Williams did not file a response. The Court has carefully considered the Motion, the record, and applicable law.

I. BACKGROUND

On March 28, 2024, Plaintiff filed suit against Defendants in Florida state court; Defendants removed the action on July 22, 2024. (*See generally* Notice of Removal [ECF No. 1]). Plaintiff asserts one claim for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. section 201 *et seq.*, against both Defendants ("Count I"); a breach-of-contract claim against Marbridge ("Count II"); and an unjust-enrichment claim against Marbridge ("Count III"). (*See generally* Am. Compl. [ECF No. 26]).

On March 6, 2025, the Court entered an Order [ECF No. 107] granting in part Plaintiff's Renewed Motion for Default Final Judgment [ECF No. 99]. The Court explained that default judgment was warranted against Marbridge because it failed to retain counsel; and default judgment was warranted against Williams under Federal Rule of Civil Procedure 16(f) because he

had willfully disobeyed the Court's Orders and obstructed discovery.  (*See* Mar. 6, 2025 Order 5–

7).   Further, Plaintiff stated valid claims against both Defendants.   (*See generally id.*).

Consequently, the Court entered final default judgment against both Defendants on Count I of the

Amended Complaint, and against Marbridge on Count II; and awarded Plaintiff $8,891.06 in total

damages.  (*See generally id.*; Final J. [ECF No. 108]).

After Defendants' time to appeal expired, *see* Fed. R. App. P. 4(a)(1)(A), Plaintiff filed

this Motion, seeking an award of $8,907.50 in fees and $1,370.50 in costs under the FLSA (*see*

Mot. ¶ 17).[1]

## II.  LEGAL STANDARD

A prevailing plaintiff in an FLSA case is entitled to an award of reasonable attorney's fees

and costs.  *See* 29 U.S.C. § 216(b) ("The court in [FLSA] action[s] shall, in addition to any

judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the

defendant, and costs of the action." (alterations added)).  The burden of establishing that the fee

request is reasonable rests with the fee applicant, who must supply the court with "specific and

detailed evidence" in an organized fashion.  *Norman v. Housing Auth. of City of Montgomery*, 836

F.2d 1292, 1303 (11th Cir. 1988).  A plaintiff bears the burden of establishing the requested hourly

rates are reasonable ones, *cf. Loranger v. Stierheim*, 10 F.3d 776, 781 (11th Cir. 1994); and that

the fees do not arise from "hours that are excessive, redundant, or otherwise unnecessary," *Hensley

v. Eckerhart*, 461 U.S. 424, 434 (1983); *see also ACLU of Ga. v. Barnes*, 168 F.3d 423, 428 (11th

Cir. 1999).  The trial court is "an expert on the question and may consider its own knowledge and

experience concerning reasonable and proper fees and may form an independent judgment either

---

[1] Plaintiff includes a conflicting request for $9,963.00 in attorney's fees alongside a request for $8,907.50 in fees.  (*See* Mot. ¶ 17).  As explained, the lower number corresponds with the calculations that Plaintiff submits; and Plaintiff does not explain the basis for the higher request (*see generally id.*); therefore, the Court disregards the $9,963.00 figure as a scrivener's error.

with or without the aid of witnesses as to value." *Norman*, 836 F.2d at 1303 (quoting *Campbell v. Green*, 112 F.2d 143, 144 (5th Cir. 1940)). Therefore, on a motion for attorney's fees, the Court is not required to hold a hearing; and does not do so here. *See id*. at 1304; *see also Thompson v. Pharmacy Corp. of America*, 334 F.3d 1242, 1245 (11th Cir. 2003) (citing *Norman*, 836 F.2d at 1303).

A court is "not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *Barnes*, 168 F.3d at 428. Furthermore, in determining what is a reasonable hourly rate and what number of compensable hours is reasonable, the Court considers the 12 factors enumerated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714 (5th Cir. 1974). *See Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (alteration added; footnote call number omitted). Those factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions; (3) the skill requisite to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Id.* at 1350 n.2 (citation omitted); *see also Fla. Patient's Comp. Fund v. Rowe*, 472 So. 2d 1145, 1150 (Fla. 1985).

## III. DISCUSSION

The Court first evaluates the reasonableness of Plaintiff's counsels' hourly rate, and the number of hours worked, and then turns to Plaintiff's request for recovery of costs.

***Hourly Rate.*** "A reasonable hourly rate is the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience, and

reputation." *Norman*, 836 F.2d at 1299 (citations omitted). A fee applicant bears the burden of demonstrating with satisfactory evidence that his counsel's rate is reasonable. *See Brooks v. Peer Rev. Mediation & Arb., Inc.*, No. 11-61630-Civ, 2012 WL 5410405, at *3 (S.D. Fla. Nov. 6, 2012). Evidence may consist of direct evidence of charges by lawyers under similar circumstances or opinion evidence. *See Norman*, 836 F.2d at 1299. "Typically, a fee applicant provides an expert affidavit to support the reasonableness of the hourly rates sought." *Tiara Condo. Ass'n, Inc. v. Marsh USA, Inc.*, 697 F. Supp. 2d 1349, 1363 (S.D. Fla. 2010) (citations omitted). Yet, on the issue of a reasonable rate, the Court itself is considered an expert and can make an informed decision about a proper hourly rate even without outside testimony. *See Norman*, 836 F.2d at 1303; *see also Loranger*, 10 F.3d at 781.

Plaintiff requests that the Court award attorney's fees at the rate of $175 per hour for each of his two attorneys (*see* Mot. ¶ 17); and submits an affidavit from a fee expert who has practiced law in Florida for over 18 years, asserting that the rate is reasonable given current market rates in South Florida (*see id.*, Ex. 2, Aff. of Michael Compo ("Compo Affidavit") [ECF No. 111-2] ¶¶ 5–6). The Compo Affidavit does not support a conclusion that $175 per hour is reasonable with a discussion of market rates or comparisons with the hourly rates of similarly situated attorneys. (*See generally* Compo Aff.).

Nevertheless, based on its own knowledge and experience, and guided by the *Johnson* factors, the Court finds $175 per hour to be reasonable. Plaintiff's two attorneys were admitted to the Florida Bar in 2023 and 2024. (*See* Mot., Ex. 1, Aff. of Costs and Att'y's Fees [ECF No. 111-1] ¶¶ 1–4). Other courts have determined rates of $200 or less per hour to be reasonable for recently admitted attorneys prosecuting straightforward FLSA claims in the South Florida market. *See Richardson v. Florida Drawbridges Inc.*, No. 21-cv-80803, 2023 WL 2251397, at *9 (S.D.

Fla. Feb. 27, 2023) ($175 per hour for an attorney with less than two years' experience (citations omitted)); *Forbes v. Britt's Bow Wow Boutique, Inc.*, No. 23-cv-23216, 2025 WL 745951, at *4 (S.D. Fla. Feb. 4, 2025), *report and recommendation* adopted, No. 23-cv-23216, 2025 WL 634389 (S.D. Fla. Feb. 27, 2025) ($200 per hour for an attorney with less than one year's experience). So, too, here.

**Number of Hours.**  Next, the Court considers whether the number of hours claimed by Plaintiff is reasonable.  Fees arising from "hours that are excessive, redundant, or otherwise unnecessary" should be excluded from an award of attorney's fees.  *Hensley*, 461 U.S. at 434.  The party seeking fees must supply the court with "'specific and detailed evidence' in an organized fashion."  *Machado v. Da Vittorio, LLC*, No. 09-23069-Civ, 2010 WL 2949618, at *1 (S.D. Fla. July 26, 2010) (quoting *Norman*, 836 F.2d at 1303).

Plaintiff submits a specific and detailed accounting of the work his attorneys performed over the course of this litigation, reflecting 50.9 hours billed in total.  (*See* Aff. of Costs and Att'y's Fees ¶ 2; *id.* 3–19).  Considering the factors outlined in *Johnson* — in particular, the time and labor required —these hours are reasonable.

Courts have found around 45 hours to be reasonable for litigating an FLSA case through a default final judgment — without the added burden of dealing with an uncooperative *pro se* defendant, as occurred here.  *See, e.g.*, *Wright v. Holifield*, No. 11-0658-Civ, 2013 WL 105768, at *3 (S.D. Ala. Jan. 9, 2013) (determining that 44.3 hours worked by three attorneys on an FLSA claim were reasonable).  Here, Williams's noncompliance with the Court's Orders and the discovery process complicated the proceedings — requiring Plaintiff's attorneys to expend additional time seeking discovery from Williams, preparing for and attending additional settlement and status conferences, and preparing a motion arguing that the sanction of default was warranted.

(*See* Mar. 6, 2025 Order 2–4; Aff. of Costs and Att'y's Fees 3–19).  Given that additional burden, 50.9 hours fall within the reasonable range.

In sum, Plaintiff is entitled to recover $8,907.50 in attorney's fees.

***Costs.***  Plaintiff seeks $1,090.50[2] in costs for the following:

| | |
|---|---|
| Filing | $310.50 |
| Summons | $10.00 |
| Service | $270.00 |
| Mediation | $500.00 |

(*See* Aff. of Costs and Att'y's Fees ¶ 5).  The FLSA authorizes a prevailing party to recover "costs enumerated in 28 U.S.C. [section] 1920."  *Williams v. R.W. Cannon, Inc.*, 657 F. Supp. 2d 1302, 1315 (S.D. Fla. 2009) (alteration added; citing *Glenn v. Gen. Motors Corp.*, 841 F.2d 1567, 1575 (11th Cir. 1988)); *see also* 29 U.S.C. § 216(b).

While costs related to serving a defendant, filing an action, and obtaining a summons are recoverable under section 1920, *see Gayle v. Spark of Hope, LLC*, No. 18-60345-Civ, 2019 WL 11506182, at *4 (S.D. Fla. Dec. 4, 2019), *report and recommendation adopted*, 2019 WL 11506151 (S.D. Fla. Dec. 30, 2019) (citations omitted), mediation expenses are not, *see id.*; *Sarno v. Oviedo Beautiful Flowers & Gifts, Inc.*, No. 19-cv-1873, 2020 WL 13597939, at *4 (M.D. Fla. Sept. 3, 2020) (collecting cases).  Thus, Plaintiff's request for mediation costs is denied.  *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) ("[A]bsent explicit statutory or contractual authorization[,] . . . federal courts are bound by the limitations set out in . . . [section] 1920" (alterations added))).  Accordingly, Plaintiff is entitled to recover $590.50 in costs.

## IV.  CONCLUSION

---

[2] Plaintiff seeks $1,370.50 in total costs, a number purportedly derived from adding the costs that his attorneys incurred in relation to filing, summons, service, and mediation.  (*See* Mot. ¶ 17; Aff. of Costs and Att'y's Fees ¶ 5).  Yet, the sum of those costs is $1,090.50.  As with the total amount of fees requested, the Court disregards the larger number and uses the number supported by Plaintiff's calculations.

For the foregoing reasons, it is

**ORDERED AND ADJUDGED** that Plaintiff, Yecid Fernando Rojas Suarez's Renewed

Verified Motion for Attorney['s] Fees and Costs . . . **[ECF No. 111]** is **GRANTED in part**.

Plaintiff is entitled to recover $8,907.50 in fees and $590.50 in costs, for which let execution issue.

**DONE AND ORDERED** in Miami, Florida, this 20th day of May, 2025.

                                         _____

                                         **CECILIA M. ALTONAGA**

                                         **CHIEF UNITED STATES DISTRICT JUDGE**

cc:     counsel of record

# EXHIBIT "C"

WHITE & TWOMBLY, P.A.
9999 NE 2ND AVE, Ste 306, Miami Shores, FL 33138 T. 786-502-2038 F. 786-375-5549

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

**CASE NO: 1:24-CV-22780-CMA**

YECID FERNANDO ROJAS SUAREZ,

       Plaintiff,

v.

MARBRIDGE RESTORATION, LLC, JOSEPH
PAUL WILLIAMS, and JASON SCHMIEDEL,

       Defendants.

_____/

**<u>WRIT OF GARNISHMENT</u>**

THE STATE OF FLORIDA:

To Each Sheriff of the State:

      YOU ARE COMMANDED to summon the Garnishee, JPMorgan Chase & Co., c/o C T

Corporation System, 1200 South Pine Island Road, Plantation, FL 33324, to serve an answer to

this writ on Robert Twombly, Esq., WHITE & TWOMBLY, P.A., Plaintiff's attorney, whose

address is 9999 NE 2nd Ave, Ste. 306, Miami Shores, FL 33138, within 20 days after service on

the garnishee, exclusive of the day of service, and to file the original with the clerk of this court

either before service on the attorney, or immediately thereafter, stating whether the garnishee is

indebted to Defendant, Marbridge Restoration, LLC, (Document Number L22000524829), and

Joseph Paul Williams at the time of the answer or was indebted at the time service of the writ, or

at any time between such times, and in what sum, and what tangible and intangible personal

property of the Defendant the Garnishee is in possession or control of at the time of the answer or

had at the time of service of this Writ, or at any time between such times, and whether the

7

Garnishee knows of any other person indebted to the Defendant or who may be in possession or control of any of the property of the Defendant. The amount outstanding on the Final Judgment, as stated in Plaintiff's motion, is in the sum of $8,891.0, plus interest from March 06, 2025, and the amount outstanding on Plaintiff's Renewed Verified Motion for Attorney's Fees and Costs, is in the sum of $9,498.00, plus interest from May 20, 2025, forward at the maximum interest rate allowed by law.

Defendant has a right to an immediate hearing for dissolution of this write pursuant to § 77.07, Florida Statutes.

Dated on the _____ day of _____, 2025.

CLERK OF COURT

By: _____
    *Signature of Clerk or Deputy Clerk*

WHITE & TWOMBLY, P.A.
9999 NE 2ND AVE, Ste 306, Miami Shores, FL 33138 T. 786-502-2038 F. 786-375-5549

# EXHIBIT "D"

WHITE & TWOMBLY, P.A.
9999 NE 2ND AVE, Ste 306, Miami Shores, FL 33138 T. 786-502-2038 F. 786-375-5549

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### NOTICE TO DEFENDANT OF RIGHT AGAINST GARNISHMENT OF WAGES, MONEY AND OTHER PROPERTY

This notice is provided pursuant to Florida Statute 77.041 in accordance with Local Rule 7069-1(D).

The Writ of Garnishment delivered to you with this Notice means that wages, money, and other property belonging to you have been garnished to pay a court judgment against you.

**HOWEVER, YOU MAY BE ABLE TO KEEP OR RECOVER YOUR WAGES, MONEY, OR PROPERTY. READ THIS NOTICE CAREFULLY.**

State and federal laws provide that certain wages, money, and property, even if deposited in a bank, savings and loan, or credit union, may not be taken to pay certain types of court judgments. Such wages, money, and property are exempt from garnishment. The major exemptions are listed below on the form for Claim of Exemption and Request for Hearing. This list does not include all possible exemptions. You should consult a lawyer for specific advice.

**If an exemption from garnishment applies to you and you want to keep your wages, money, and other property from being garnished, or to recover anything already taken, you must complete a form for claim of exemption and request for hearing as set forth below and have the form notarized. If you have a valid exemption, you must file the form with the clerk's office within 20 days after the date you receive this notice or you may lose important rights. You must also mail or deliver a copy of this form to the plaintiff or the plaintiff's attorney and the garnishee or the garnishee's attorney at the addresses listed on the writ of garnishment. Note that the form requires you to complete a certification that you mailed or hand delivered copies to the plaintiff or the plaintiff's attorney and the garnishee or the garnishee's attorney.**

If you request a hearing, it will be held as soon as possible after your request is received by the court. The plaintiff or the plaintiff's attorney must file any objection within 8 business days if you hand delivered to the plaintiff or the plaintiff's attorney a copy of the form for Claim of Exemption and Request for Hearing or, alternatively, 14 business days if you mailed a copy of the form for claim and request to the plaintiff or the plaintiff's attorney. If the plaintiff or the plaintiff's attorney files an objection to your Claim of Exemption and Request for Hearing, the clerk will notify you and the other parties of the time and date of the hearing. You may attend the hearing with or without an attorney. If the plaintiff or the plaintiff's attorney fails to file an objection, no hearing is required, the writ of garnishment will be dissolved and your wages, money, or property will be released.

**If you have a valid exemption, you should file the form for claim of exemption immediately to keep your wages, money, or property from being applied to the court judgment. The clerk cannot give you legal advice. If you need legal assistance you should see a lawyer. If you cannot afford a private lawyer, legal services may be available. Contact your local bar association or ask the clerk's office about any legal services program in your area**.

**Clerk of Court**                                    (SEE REVERSE FOR SERVICE REQUIREMENT)

**PLAINTIFF'S SERVICE REQUIREMENTS:** The plaintiff must mail, by first class, a copy of the writ of garnishment, a copy of the motion for writ of garnishment, a copy of this court's Local Form "Notice to Defendant of Right Against Garnishment of Wages, Money and Other Property" to the defendant's last known address within 5 business days after the writ is issued or 3 business days after the writ is served on the garnishee, whichever is later.  However, if such documents are returned as undeliverable by the post office, or if the last known address is not discoverable after diligent search, the plaintiff must mail, by first class, the documents to the defendant at the defendant's place of employment. The plaintiff shall file in the proceeding a certificate of such service.

Upon the filing by a defendant of the "Claim of Exemption and Request for Hearing", a hearing will be held as soon as is practicable to determine the validity of the claimed exceptions.  If the plaintiff or the plaintiff's attorney does not file a sworn written statement that answers the defendant's claim of exemption within 8 business days after hand delivery of the claim and request or, alternatively, 14 business days, if the claim and request were served by mail, no hearing is required and the clerk must automatically dissolve the writ and notify the parties of the dissolution by mail.

> *<u>Local Rule 7069-1(D) Writ of Garnishment</u>. Writs of garnishments shall be issued in accordance with Florida law.*
>
> *(1)  Issuance of Writ.  Required Notice To Garnishee. The party seeking issuance of a writ of garnishment shall file a motion accompanied by a prepared writ, a certified copy of the judgment, and any bill of costs entered.  If the writ is issued against an individual, the clerk shall attach to the writ a copy of the Local Form "Notice Pursuant to Florida Statute §77.041 to Defendant of Right Against Garnishment of Wages, Money and Other Property" with attached "Claim of Exemption and Request for Hearing" (with the caption of the case filled in on the form "Claim of Exemption and Request for Hearing").  The following notice must accompany service of the writ:  **"Under Florida Statute 77.28, upon issuance of any writ of garnishment, the party applying for it shall pay $100 to the garnishee on the garnishee's demand at any time after the service of the writ for the payment or part payment of his or her attorney fee which the garnishee expends or agrees to expend in obtaining representation in response to the writ."**  In addition to service of other garnishment papers, a copy of this rule shall be served on the defendant.  If the writ is being sought pursuant to Florida Statute §77.0305 (continuing writ of garnishment against salary or wages) or Florida Statute §77.031 (issuance of writ before judgment), the filing of the writ must be accompanied by a motion and a proposed order.*
>
> *(2)  Objection to Claim of Exemption. An objection to a defendant's "Claim of Exemption and Request for Hearing" shall be set for hearing in accordance with Local Rule 9073-1.*
>
> *(3)  Dissolution of Writ by Clerk. The clerk shall automatically dissolve the writ and notify the parties of the dissolution by mail upon failure of the plaintiff to timely contest the defendant's claim of exemption.*
>
> *(4)  Deadlines. Absent further order of the court, the procedures and deadlines set forth in Florida Statute §77.041, shall apply to writs of garnishments issued in this court.*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

In re  _____ ,  )
                 Debtor                   )     Case No.  _____

_____ ,  )
                  Plaintiff              )     Chapter  _____

vs.

_____ ,  )     Adv. Proc. No.  _____
                  Defendant            )
_____    )
                  Garnishee

## CLAIM OF EXEMPTION AND REQUEST FOR HEARING

**I claim exemptions from garnishment under the following categories as checked:**

☐     1.  Head of family wages. (Check either a. or b. below, if applicable.)

         ☐    a.    I provide more than one-half of the support for a child or other dependent and have net earnings of $750 or less per week.

         ☐    b.    I provide more than one-half of the support for a child or other dependent, have net earnings of more than $750 per week, but have not agreed in writing to have my wages garnished.

☐     2.  Social Security benefits.

☐     3.  Supplemental Security Income benefits.

☐     4.  Public assistance (welfare).

☐     5.  Workers' Compensation.

☐     6.  Reemployment assistance or unemployment compensation.

☐     7.  Veterans' benefits.

☐     8.  Retirement or profit-sharing benefits or pension money.

☐     9.  Life insurance benefits or cash surrender value of a life insurance policy or proceeds of annuity contract.

☐     10.  Disability income benefits.

☐     11.  Prepaid College Trust Fund or Medical Savings Account.

☐     12.  Other exemptions as provided by law.  _____(explain)

I request a hearing to decide the validity of my claim. Notice of the hearing should be given to me at:

Address: _____

Telephone number: _____

**I CERTIFY UNDER OATH AND PENALTY OF PERJURY that a copy of this CLAIM OF EXEMPTION AND REQUEST FOR HEARING** has been furnished by (circle one)United States mail or hand delivery on  (insert date) , to:  (insert names and addresses of Plaintiff or Plaintiff's attorney and of Garnishee or Garnishee's attorney to whom this document was furnished).

**I FURTHER CERTIFY UNDER OATH AND PENALTY OF PERJURY** that the statements made in this request are true to the best of my knowledge and belief.

_____            _____
Defendant's signature                                                      Date

**STATE OF FLORIDA**

**COUNTY OF** _____

**Sworn and subscribed to before me this** _____ **day of** _____ (month and year),

**By** _____ (name of person making statement).

**Notary Public/Deputy Clerk**

☐ Personally Known

OR

☐ Produced Identification

Type of Identification Produced: _____